IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANE MARIE PRZYCHOCKI,

                      Plaintiff,

  v.                                                     OPINION and ORDER

KYLE KEARNS, SUSAN SCHILL,
BENJAMIN GRIMM, and                         24-cv-623-jdp
MATTHEW ZACHER,

                      Defendants.

---

      This case arises from a property dispute between plaintiff Jane Przychocki and the City of Wisconsin Rapids over Przychocki's failure to comply with city building codes and zoning ordinances. Przychocki owns a commercial property located at 620 Airport Avenue in Wisconsin Rapids, which she also uses as a residence. The city cited Przychocki for violating building codes and for using the property as a residence in violation of zoning ordinances. Defendants are all city officials. Kyle Kearns is the director of community development; Benjamin Grimm is the building inspector; Susan Schill is the city attorney; and Matthew Zacher is the mayor. Przychocki asserts that defendants violated her constitutional rights by enforcing city regulations that prevented her from using her property as she sees fit.

      Defendants move to dismiss the complaint under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim, contending that Przychocki's claims are not ripe and that she failed to state a claim that defendants violated her constitutional rights. I conclude that Przychocki's claims are ripe. But Przychocki's complaint does not adequately allege a violation of her constitutional rights. Przychocki essentially contends that any city regulation of her property violates her

constitutional rights, a theory inconsistent with established law. I will grant the motion to dismiss. I will not give Przychocki leave to amend because it is clear from the allegations in her complaint that amendment would be futile.

## ALLEGATIONS OF FACT

I draw the following facts from Przychocki's complaint and presume them to be true for the purpose of the motion to dismiss.

Przychocki and her husband James Gannigan own a property located at 620 Airport Avenue in Wisconsin Rapids. Przychocki wanted to renovate the property, though she doesn't describe what the renovations entailed. Defendant Kyle Kearns told Przychocki that a site plan review was required prior to construction to ensure compliance with city zoning ordinances and building codes. Kearns sent Przychocki applications for a site plan review and a conditional use permit. Przychocki doesn't say whether she submitted these applications, but I can infer that she did because Kearns granted her a temporary occupancy permit for the property, which was to expire on June 25, 2024. Kearns gave Przychocki a list of requirements she would need to meet to get a final occupancy permit, including "landscaping, siding, etc." Dkt. 1, at 5.

On June 25, the day the temporary occupancy permit expired, Kearns, defendant Benjamin Grimm, and another city employee Przychocki did not know came to the property and gave Przychocki a letter informing her that she was using the property as a residence in violation of city ordinances. They also asked to inspect the property, but Przychocki refused, so they inspected the property from the street.

In July, defendant Matthew Zacher met with Przychocki three times to mediate the property dispute. During these meetings, Przychocki told Zacher "that most of the City Codes

2

used against [her] violated the Constitution and therefore were not lawful." *Id.* at 7. Zacher said that he could get the city to "back off" temporarily to give Przychocki more time to bring the property into compliance with city ordinances, but that he needed her to provide a "timeframe" in which she would bring the property up to code. *Id.*

In late July, Przychocki mailed Zacher and other city officials a document that she calls a "Notice of Maladministration and Trespass on rights to property." *Id.* The city consulted with outside counsel, who recommended that the city treat the document as a claim against the city and have the common council vote whether to disallow it.[1] On August 6, the city's Property and Finance Committee voted to disallow the claim.

On August 7, defendant Susan Schill notified Przychocki via letter that her temporary occupancy permit had expired and that a visual inspection from the street had found "conditions, exterior elements, siding, landscaping, etc" that were not up to city code.[2] *Id.* at 6. The letter warned Przychocki that her use of the property as a residence was illegal and that the city would pursue legal action if Przychocki continued to violate city ordinances.

On August 20, the full common council adopted the Property and Finance Committee's decision to disallow Przychocki's claim against the city. The city sent Przychocki a certified letter informing her of the decision to disallow the claim. Shortly thereafter, Przychocki filed this lawsuit.

---

[1] Wis. Stat. § 893.80 describes the disallowance process for claims against municipalities.

[2] This is how Przychocki described the letter in the complaint. She did not attach a copy of the letter.

ANALYSIS

Przychocki asserts claims under 42 U.S.C. § 1983, contending that defendants violated her constitutional rights to "property and liberty" by enforcing city building regulations against her, and that defendants Kearns, Grimm, and Schill violated her constitutional right to "security" by surveilling her property in an attempt to find code violations.[3] Dkt. 1. In her response brief to defendants' motion to dismiss, Przychocki clarifies the basis for her claims, saying "the rights to property and liberty are protected by the 14th Amendment" and "[t]he right to security is protected by the 4th Amendment." Dkt. 14, at 2. So I take Przychocki to be asserting claims under the Fourteenth Amendment Due Process Clause against all defendants, and under the Fourth Amendment against Kearns, Grimm, and Schill.

Defendants move to dismiss the complaint, for two reasons. First, they contend that Przychocki's due process claims are not ripe because the city has not made a final decision about whether her property violated city ordinances. Second, they contend that Przychocki failed to plead facts sufficient to show a violation of her constitutional rights.

**A. Ripeness**

Defendants move to dismiss Przychocki's due process claims under Rule 12(b)(1), contending that this court lacks subject matter jurisdiction because Przychocki's allegations don't establish that her claims are ripe. Defendants raise a facial challenge to Przychocki's complaint, so I accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of Przychocki. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir.

---

[3] Przychocki also says that defendants violated 18 U.S.C. § 242 by depriving her of her constitutional rights. But § 242 is a criminal statute, so it does not give rise to a civil cause of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Potenza v. Schoessling*, 541 F.2d 670, 672 (7th Cir. 1976) (§ 242 is the "criminal analog" of 42 U.S.C. § 1983).

2015) (a facial challenge argues that a plaintiff has not alleged a sufficient basis for subject matter jurisdiction in his complaint).

The case-or-controversy limitation in Article III of the Constitution authorizes federal courts to decide only cases that involve "a claim that is ripe and a plaintiff who has standing." *Ind. Right to Life, Inc. v. Shepard*, 507 F.3d 545, 549 (7th Cir. 2007). The ripeness doctrine concerns whether a case involves hypothetical, uncertain, or contingent events that may not occur as anticipated, or may not occur at all. *Wis. Right to Life State PAC v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011). Claims involving government regulation of private property are not ripe until the government has made a final decision regarding the property. *Pakdel v. City & Cnty. of San Francisco, California*, 594 U.S. 474, 479 (2021); *Forseth v. Vill. of Sussex*, 199 F.3d 363 (7th Cir. 2000) (ripeness rule for takings cases also applies to due process cases involving government regulation of property). The final decision rule is not an exhaustion requirement, nor is it a higher standard than the general ripeness standard. *Pakdel*, 594 U.S. at 478 (finality requirement in takings cases is "relatively modest"). All the plaintiff must show is that the government has "committed to a position" regarding the property, meaning that the claim is real and not hypothetical. *Id.* at 479.

Defendants contend that Przychocki's due process claims are not ripe because she doesn't say in her complaint whether any of defendants' actions were "final decisions" by the city. I disagree. Under *Pakdel*, Pryzchocki does not need to show that the city's decision was "final" in the sense that Przychocki exhausted her remedies; all Przychocki needs to show is that the city committed to a position and her claims are not hypothetical. *Id.* Przychocki alleges that the city sent her a formal letter informing her that she was in violation of city building

5

codes and that the city would seek legal action if she didn't bring her property up to code. That's enough to show that the due process claims are ripe.

## B. Adequacy of the pleading

Defendants also move to dismiss under Rule 12(b)(6), contending that the complaint fails to state a claim that defendants violated Przychocki's rights under the Fourteenth Amendment Due Process Clause or the Fourth Amendment.[4] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient facts to state a claim for relief that is plausible on its face." *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In evaluating the motion to dismiss, I must accept all plausible allegations in the complaint as true and draw all reasonable inferences in Przychocki's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

### 1. Fourteenth Amendment claims

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. The Due Process Clause gives rise to both procedural and substantive due process claims. I conclude that Przychocki's complaint affirmatively demonstrates that she did not suffer a deprivation of either procedural or substantive due process.

Przychocki seeks redress for defendants' attempts to enforce city building codes and zoning ordinances against her. To plead a procedural due process claim, a plaintiff must allege (1) deprivation of a protected liberty or property interest (2) without due process. *See Pro's*

---

[4] Defendants also argued in their motion to dismiss that Przychocki had not stated a Fifth Amendment regulatory takings claim. But in response, Przychocki clarifies that she is alleging violations of the Fourteenth Amendment and the Fourth Amendment, Dkt. 14 at 2, so I need not consider defendants' takings arguments.

*Sports Bar & Grill, Inc. v. City of Country Club Hills,* 589 F.3d 865, 870 (7th Cir. 2009). In the context of municipal property regulations, the only process that is required is "notice and opportunity to abate." *Pierce v. Vill. of Divernon, Ill.*, 17 F.3d 1074, 1080 (7th Cir. 1994). Przychocki says in her complaint that the city told her what requirements she needed to meet to obtain a final occupancy permit and gave her time to meet those requirements. Dkt. 1, at 2–3. She also says that she presented a claim to the city and that the city voted to disallow the claim. *Id.* at 4–5. Przychocki's allegations affirmatively establish that the city gave her due process.

Likewise, Przychocki cannot succeed on a substantive due process claim. Substantive due process requires only that a government regulation be rationally related to a legitimate government interest, or in other words, that it be "neither arbitrary nor irrational." *Gen. Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1000 (7th Cir. 2008) (citations omitted). In the context of property regulations, a property owner must show that a regulation "bear[s] no substantial relationship to public health, safety, or welfare." *Id.* at 1001. Przychocki cannot make that showing here. She alleges that the defendants enforced city building codes relevant to "parking, landscaping, and architectural standards" against her and required her to comply with zoning ordinances barring owners from having living quarters in commercial buildings. Dkt. 1, at 4–5. Building codes are not arbitrary or irrational because "[w]ithout them, more buildings would catch fire, collapse, become unsightly, attract squatters, or cause environmental damage." *Mann v. Calumet City, Ill.*, 588 F.3d 949, 952 (7th Cir. 2009). Nor is it arbitrary or irrational for a city to impose zoning rules that limit residential use of commercial buildings. Municipalities have wide latitude to impose zoning rules for almost any reason, including aesthetics and to preserve a neighborhood's character and values. *Vill. of Belle Terre v.*

7

*Boraas*, 416 U.S. 1, 9 (1974). Pryzchocki cannot show that the regulations defendants sought to enforce are arbitrary or irrational, so I will dismiss her due process claims.

### 2. Fourth Amendment claims

Przychocki alleges that defendants Kearns, Grimm, and Schill violated her Fourth Amendment rights by surveilling her property from the street to identify code violations. The Fourth Amendment protects against unreasonable searches and seizures. A government action is a "search" only if it intrudes upon an area where an individual has a reasonable expectation of privacy. *United States v. Tuggle*, 4 F.4th 505, 513 (7th Cir. 2021) (citing *Smith v. Maryland*, 442 U.S. 735, 740 (1979)). Surveillance from a public street, even for a lengthy period of time, is not a search because it is not reasonable to expect privacy in what is plainly visible to the public. *Id.* (camera surveillance of home from a public place did not violate Fourth Amendment). Przychocki affirmatively alleges that defendants inspected her property from a public street, so her Fourth Amendment claim fails as a matter of law. Dkt. 1, at 6–7.

## CONCLUSION

Pryzchocki fails to allege facts showing that defendants violated her constitutional rights, so I will grant defendants' motion to dismiss. When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing her case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted "if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Here, Przychocki has affirmatively alleged facts that foreclose any possibility that she could succeed in her constitutional claims. She acknowledges that defendants had a reason to enforce city regulations against her and that they

gave her due process in doing so. Przychocki essentially contends that any city regulation of her property violates her constitutional rights, which is inconsistent with established law. *See Mann*, 588 F.3d at 952 ("[n]o court thinks . . . that [the Fourteenth Amendment] means the state can't regulate property"). It is clear that Przychocki could not amend her complaint to state a valid claim under the Fourth or Fourteenth Amendments, so I will dismiss her complaint without leave to amend.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss the complaint, Dkt. 6, is GRANTED.

2. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered April 21, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge